**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**EDDIE SARDON,**
**Plaintiff,**

**V.** **Case No. 24-cv-2565-DWD**

**CHAD JENNINGS,**
**NICHOLE DUNLAP,**
**C. OSBORNE,**
**K. YOCUM,**
**Defendants.**

# PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED SUR-REPLY

Plaintiff Eddie Sardon respectfully moves this Court for leave to file a limited sur-reply addressing arguments raised for the first time in Defendants' Reply in Support of Summary Judgment on the issue of exhaustion of administrative remedies. In support thereof, Plaintiff states as follows:

1. Defendants' opening motion primarily argued that Plaintiff failed to exhaust administrative remedies concerning the claims at issue in this action.

**2.** Plaintiff's opposition demonstrated, through Defendants' own exhibits, that Plaintiff pursued Grievance No. 23-0391 through all required levels of review, including review and final denial by the Administrative Review Board ("ARB").

**3.** In reply, Defendants materially shift their position. Rather than disputing that Plaintiff pursued the grievance through final ARB review, Defendants now argue that the grievance was insufficiently specific because it allegedly failed to identify each Defendant by name or describe particularized misconduct attributable to each Defendant.

**4.** This specificity argument was not meaningfully developed in Defendants' opening motion and raises new issues warranting limited sur-reply.

**5.** A limited sur-reply is appropriate where a reply brief raises new arguments or materially reframes the issues presented. Here, Defendants' reply attempts to impose a hyper-technical exhaustion standard inconsistent with controlling Seventh Circuit authority.

**6.** The Seventh Circuit has repeatedly held that grievances need only alert prison officials to the nature of the problem and provide an opportunity to address it. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

**7.** Additionally, where prison officials address a grievance on the merits rather than rejecting it for procedural insufficiency, exhaustion is satisfied. *Conyers v. Abitz*, 416 F.3d 580, 584–85 (7th Cir. 2005).

**8.** Defendants' reply also fails to address the legal significance of the ARB's merits-based decision signed by Margaret Madole, despite Defendants' reliance on her declaration in support of summary judgment.

**9.** Plaintiff's proposed limited sur-reply is narrowly tailored to:

- address Defendants' newly emphasized specificity theory,
- clarify the legal effect of the ARB merits decision,
- and ensure a complete Rule 56 record.

**10.** Granting leave will not prejudice Defendants and will assist the Court in resolving the exhaustion issue on a complete and accurate record.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant leave to file the attached limited sur-reply and for such other relief as the Court deems just and proper.

Respectfully submitted,



**Eddie Sardon**
Plaintiff, Pro Se

...ardon
...oise st.
... 85205


CERTIFIED MAIL®

9589 0710 5270 2590 5508 63

Retail

UNITED STATES POSTAL SERVICE®

62201

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
MESA, AZ 85206
MAY 14, 2026

$7.20

S2324Y502312-40

MAIL CLEARED
US MARSHALS

CLERK
United states District Court
750 Missouri Ave.
East st. Louis Illinois
62201

WVAZ PDC 850 ZIP
THU 14 MAY 2026

RECEIVED

MAY 18 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE